# United States Tax Court

T.C. Summary Opinion 2026-5

EDMUND HA,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 3850-24S.                    Filed June 29, 2026.

————

Edmund Ha, pro se.

*Carlos S. Abarca Rodriguez*, *Christine A. Fukushima*, *Jason J. Boyer*, and *Michael W. Tan*, for respondent.

## SUMMARY OPINION

PANUTHOS, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a Notice of Deficiency dated December 11, 2023, respondent determined a deficiency in petitioner's federal income tax of $10,964 and a section 6662(a) accuracy-related penalty of $2,192.80 for petitioner's taxable year 2021 (year in issue).

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[2] the issues remaining for decision for the year in issue are whether petitioner is

(1) entitled to deduct travel and meals expenses of $59,866.14;

(2) entitled to deduct car and truck expenses of $16,325;

(3) entitled to deduct home office expenses of $13,328.05; and

(4) liable for an accuracy-related penalty under section 6662(a) of $2,192.80.

## *Background*

Some of the facts have been stipulated and are so found. The Stipulation of Facts and attached Exhibits are incorporated by this reference. The record consists of the Stipulation of Facts with attached Exhibits, documents admitted into evidence, and petitioner's testimony. Petitioner resided in California when the Petition was timely filed.

I.   *Petitioner's Employment*

Petitioner was a licensed real estate agent during the year in issue and was employed at InSync AI, Inc., and Coldwell Banker. Petitioner also worked as an independent real estate agent in the development and acquisition of investment properties. He described his work as involving frequent meetings, recruiting investors, negotiating and closing investment deals, and showcasing international property investment opportunities.

II.   *Petitioner's Business Expenses*

During the year in issue petitioner traveled frequently, taking trips to Miami, Orlando, Las Vegas, and Maui. He also traveled internationally to St. Barth's, Greece, England, Switzerland, Mexico, and Spain. Petitioner used his car for local trips.

Petitioner retained some personal and business records. He did not maintain a contemporaneous mileage log but created a mileage log sometime after the year in issue that lists the time, the date, the

---

[2] Before trial, petitioner asserted additional travel and meal expenses and home office expenses. Respondent concedes $3,364.67 in office expenses.

business purpose, and the miles traveled between his home and various places.

Petitioner rented a two-bed, two-bath apartment in California, and used one of the rooms, approximately 130 square feet, as a home office. During the year in issue he purchased office equipment and furniture.

III. *Petitioner's Tax Return*

Petitioner filed Form 1040, U.S. Individual Income Tax Return, for the year in issue on April 15, 2022. Petitioner hired a paid preparer to assist in preparing his return. Petitioner reported wages received from his employers as $95,891. His Form 1040 also included Schedule C, Profit or Loss From Business, reporting as follows:

| Item | Amount |
| --- | --- |
| Travel and Meal Expenses | $24,822 |
| Car and Truck Expenses | 16,325 |
| Office Expenses | 4,533 |

On December 11, 2023, respondent issued a Notice of Deficiency to petitioner for the year in issue, disallowing his Schedule C deductions and determining a penalty pursuant to section 6662(a).

*Discussion*

I. *Burden of Proof Generally*

The Commissioner's determination set forth in a Notice of Deficiency is generally presumed to be correct, and a taxpayer bears the burden of proving that the determination is in error. *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[3] Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving entitlement to any deduction claimed. *See* Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

---

[3] Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner did not allege or otherwise show that section 7491(a) applies. Therefore, petitioner bears the burden of proof. *See* Rule 142(a).

A taxpayer claiming a deduction on a federal income tax return must demonstrate that the deduction is provided for by statute and must further substantiate that the expense to which the deduction relates has been paid or incurred. § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); *Meneguzzo v. Commissioner*, 43 T.C. 824, 831–32 (1965); Treas. Reg. § 1.6001-1(a). A taxpayer is required to maintain records sufficient to enable the Commissioner to determine the correct tax liability. *See* § 6001; Treas. Reg. § 1.6001-1(a). Such records must substantiate both the amount and the purpose of the related expense. *Higbee v. Commissioner*, 116 T.C. 438, 440 (2001).

II.    *Schedule C Business Expenses*

Section 162 generally allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." An expense is "ordinary" if it is "normal, usual, or customary" within a particular trade or business. *Deputy v. du Pont*, 308 U.S. 488, 495 (1940). It is necessary if it is appropriate and helpful for the business. *Welch v. Helvering*, 290 U.S. at 113.

When a taxpayer establishes that he has paid a deductible trade or business expense but is unable to adequately substantiate the amount, the Court may estimate the amount and allow a deduction to that extent. *Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930). The Court will not estimate a deductible expense unless the taxpayer presents a sufficient evidentiary basis on which an estimate can be made. *See Vanicek v. Commissioner*, 85 T.C. 731, 742–43 (1985).

With respect to certain categories of expenses, a Court may not estimate amounts under the *Cohan* rule. § 274(d). These expenses, which include vehicle and travel expenses, require strict substantiation by adequate records or sufficient evidence corroborating the taxpayer's own statement of the amount, the time, the place, and the business purpose of the expenditures. *See* §§ 274(d), 280F(d)(4); Temp. Treas. Reg. § 1.274-5T(b)(2), (6).

For expenses governed by section 274(d), "[w]ritten evidence has considerably more probative value than oral evidence," and "the probative value of written evidence is greater the closer in time it relates to the expenditure." Temp. Treas. Reg. § 1.274-5T(c)(1). Substantiation by "adequate records" generally requires the taxpayer to "maintain an account book, diary, log, statement of expense, trip sheets, or similar

record" to document the expenditure. *Id.* subpara. (2). An actual contemporaneous log is not strictly required, but records made at or near the time of the expenditure have greater probative value than records created subsequently. *Id.* subparas. (1) and (2).

A. *Travel and Meal Expenses*

Section 162(a)(2) allows travelers to deduct traveling expenses, including meals, if they are (1) ordinary and necessary, (2) incurred while away from home, and (3) incurred in the pursuit of a trade or business. *See Commissioner v. Flowers*, 326 U.S. 465, 470–72 (1946).

Travel and meal expenses are subject to strict substantiation under section 274(d).

Petitioner claimed a deduction of $59,866.14 in travel and meal expenses for the year in issue. In support petitioner submitted credit card statements and a log listing trip dates, costs, and a brief description of the purpose of the travel. Petitioner asserts that he incurred his expenses by traveling with investors to review investment properties, attending meetings and a wellness retreat, and paying for meals with clients. His log generally described some of the expenses, which included client meet and greets, lodging charges, car rentals, meals, and parking expenses. In support petitioner included receipts for two flights by two passengers that he claimed were clients. Petitioner also submitted their biographies.

At trial petitioner testified generally as to his independent real estate activities. Petitioner indicated that he did not prepare or maintain a log contemporaneously. Further, petitioner did not provide additional documentation, citing a reluctance to disclose the business dealings of his clients and a fiduciary duty to keep their dealings private.

Petitioner provided some evidence in the form of flight logs to corroborate his claims for at least two line items on the log, but he did not provide adequate records or sufficient evidence as to the remaining items. While it is clear petitioner incurred some travel and meal expenses, petitioner has not demonstrated which expenses were incurred in the pursuit of business. Petitioner failed to provide information about what business was conducted, other than preliminary plans as described in emails.

On the basis of the record, we conclude that petitioner has met the strict substantiation requirements for two items reflected on the log,

totaling $711.60. We further conclude that petitioner has not met the strict substantiation requirements under section 274(d) for the remainder of the reported expenses. Therefore, petitioner is limited to deductions for travel expenses of $711.60 and is not entitled to any further deductions for travel and meal expenses for the year in issue.

B.    *Car and Truck Expenses*

Car and truck expenses are also subject to the strict substantiation requirements of section 274(d). *See* § 280F(d)(4).

Petitioner deducted $16,325 in vehicle expenses for the year in issue. In support petitioner provided credit card statements and listed his vehicle expenses on a log, where he detailed the expense, the amount, and the business purpose of each item. Petitioner contends that he regularly traveled during the year in issue from his home to various property tours and meetings, at times providing rides to his clients to and from the various destinations. At trial petitioner asserted that some substantiating documentation may have been on a Coldwell Banker email server to which he no longer had access. Petitioner also testified that he did not have any further information regarding the tours, meetings, or clients beyond what he had provided, citing a fiduciary duty to his clients.

While petitioner may have incurred some of the vehicle expenses reflected in the log, petitioner did not provide any documentation or other evidence to corroborate these expenses as having a business purpose. Petitioner did not maintain odometer readings or provide any evidence regarding the purported business vehicle. Further, petitioner admitted that the log was not prepared contemporaneously, but rather during or after the examination of the tax return. Therefore, petitioner has not produced corroborative evidence to properly support his vehicle expenses.

On the basis of the record, petitioner has not met the section 274(d) strict substantiation requirements for his car and truck expenses. We sustain respondent's determination.

C.    *Office Expenses*

Office expenses are viewed as being "necessary" if they are appropriate and helpful for the business and may be deducted under section 162. *Welch v. Helvering*, 290 U.S. at 113. A home office must be exclusively used on a regular basis as the principal place of business for

any trade or business of the taxpayer. § 280A(c)(1)(A). When a portion of the home is used as the home office, the taxpayer "must establish that [such] portion of the home was used regularly for business purposes and that the identifiable portion was used exclusively for business purposes." *Rogers v. Commissioner*, T.C. Memo. 2014-141, at *37. Regarding other office expenses, the business purpose of the expenses must be demonstrated. *Sham v. Commissioner*, T.C. Memo. 2020-119, at *60.

Petitioner claimed a deduction of $13,328.05 in home office expenses for the year in issue. Petitioner asserts he used a 130-square-foot room in his apartment as a home office, exclusively for operating his Schedule C business. In support petitioner submitted a log, credit card statements, a floor plan of his apartment, and a receipt for eight rental payments at his home address totaling $36,061.04. Petitioner's log lists the expense, the amount, and the purpose of each item reported.

Petitioner testified credibly as to his business as a real estate agent, and the Court is satisfied that petitioner operated exclusively out of his home, incurred the listed expenses, and that those expenses had a business purpose. Consequently, petitioner has provided sufficient evidence for the Court to rely on the *Cohan* rule to estimate petitioner's home office expenses. *See Cohan v. Commissioner*, 39 F.2d at 543–44; *Vanicek*, 85 T.C. at 742–43.

Accordingly, the Court concludes that petitioner is entitled to a deduction for his home office and related expenses.

III.   *Accuracy-Related Penalty*

Respondent determined that petitioner is liable for an accuracy-related penalty for the year in issue. Section 6662(a) and (b)(2) imposes an accuracy-related penalty of 20% on underpayment of tax required to be shown on a return that is attributable to a substantial understatement of income tax. An understatement of income tax is substantial if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return or $5,000. § 6662(d)(1)(A).

A.   *Burden of Proof*

The Commissioner bears the burden of production with respect to a section 6662 penalty. § 7491(c). To satisfy that burden the Commissioner must offer sufficient evidence to indicate that it is

appropriate to impose the penalty. *See Higbee*, 116 T.C. at 446. Once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to show the Court that the determination is incorrect. *Id.* at 446–47.

If the understatement of income tax for the year in issue is substantial, the Commissioner has satisfied the burden of producing evidence that the penalty is justified. Respondent proposed an increase in tax of $10,964 for the year in issue. Respondent thus met his burden because the amount of petitioner's understatement for the year in issue was "substantial," in that it exceeded the greater of 10% of the tax required to be shown on the return or $5,000.[4] *See* § 6662(d)(1)(A).

The Commissioner must also show that he complied with the procedural requirements of section 6751(b)(1). *See* § 7491(c); *Chai v. Commissioner*, 851 F.3d 190, 217–18, 221–22 (2d Cir. 2017), *aff'g in part, rev'g in part* T.C. Memo. 2015-42; *Graev v. Commissioner*, 149 T.C. 485, 493 (2017), *supplementing and overruling in part* 147 T.C. 460 (2016). Section 6751(b)(1) provides that no penalty shall be assessed unless "the initial determination" of the assessment was "personally approved (in writing) by the immediate supervisor of the individual making such determination."

Respondent provided the Court with the Correspondence Examination Automation Support case notes, a case history report, and a supporting declaration by the immediate supervisor of the examiner who initially determined the penalty. These documents corroborate that the initial determination to impose the penalty in issue was made by the examiner and that his immediate supervisor approved the penalty in writing on October 12, 2023, before the assessment of the penalty.

Petitioner has not demonstrated by sufficient evidence that respondent's determination is incorrect and that he is entitled to any deductions beyond what respondent has conceded and the Court has allowed.

---

[4] Even after respondent's concessions and the Court's allowance of some of petitioner's travel and home office expense deductions, it is clear that petitioner's understatement is greater than $5,000 or 10% of the tax required to be shown on the return for the year in issue.

B. *Reasonable Cause and Good Faith*

The section 6662(a) accuracy-related penalty does not apply to any portion of an underpayment as to which there was reasonable cause and the taxpayer acted in good faith, but the burden of proof rests with the taxpayer to show that the penalty does not apply. § 6664(c)(1); Treas. Reg. § 1.6664-4(b)(1). The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances, including (1) the taxpayer's efforts to assess the proper tax liability, (2) the knowledge and experience of the taxpayer, and (3) the reliance on the advice of a tax professional. Treas. Reg. § 1.6664-4(b)(1). Reasonable cause requires the taxpayer to show that he exercised ordinary business care and prudence in reporting expenses for which he lacks adequate substantiation. *Estate of Clemons v. Commissioner*, T.C. Memo. 2022-95, at \*25. Generally, the most important factor is the extent of the taxpayer's efforts to assess his proper tax liability. Treas. Reg. § 1.6664-4(b)(1).

Petitioner bears the burden of proving that the understatement of income tax was due to reasonable cause. Petitioner testified he did not realize the extent to which he was required to keep records and did his best to provide any documentation he could when asked. Petitioner asserted that because of his fiduciary duty to his clients, he could not provide any additional records.

Although petitioner hired a tax return preparer for the year in issue, the Court is not convinced that petitioner provided all necessary and accurate information to the return preparer. Petitioner is a sophisticated realtor who works with high-profile clients. Given his level of experience, petitioner should have known the requirements of keeping track of the expenses to satisfy the strict substantiation requirements of section 274(d) under ordinary business care and prudence. Petitioner failed to introduce evidence showing that there was reasonable cause for the understatement other than his claims of fiduciary duty. Accordingly, petitioner is liable for the accuracy-related penalty under section 6662(a) for the year in issue.

We have considered all of the parties' arguments, and to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*